**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| Federal Trade Commission,<br><br>    Plaintiff,<br><br>    v.<br><br>Absolute Financial Services, LLC; Absolute Financial Services Recovery, LLC; AFSR Global Logistics, LLC; Lashone Elam, a/k/a Lashone Caldwell, in her individual and corporate capacity; and Talesia Neely, in her individual and corporate capacity,<br><br>    Defendants. | Civil Action No.: 0:20-cv-02596-JMC<br><br>**ANSWER** |

Defendants Absolute Financial Services, LLC ("Absolute Financial"); Absolute Financial Services Recovery, LLC ("Absolute Financial Recovery"); AFSR Global Logistics, LLC ("AFSR Global"); Lashone Elam, a/k/a Lashone Caldwell ("Ms. Elam"), in her individual and corporate capacity; and Talesia Neely ("Ms. Neely"), in her individual and corporate capacity, (collectively "Defendants"), by and through their undersigned counsel, hereby respond to Plaintiff Federal Trade Commission's ("FTC") Complaint for permanent injunction and other equitable relief ("Complaint") as follows:

**INTRODUCTION**

On July 13, 2020, the FTC filed its Complaint under seal in this action. *See* ECF No. 2. On the same date, the FTC filed an *ex parte* motion for a temporary restraining order ("TRO") with an asset freeze, appointment of a receiver, and other equitable relief, as well as an order to show cause why a preliminary injunction should not be issued. *See* ECF No. 4. This Court granted the FTC's motion for a TRO, froze Defendants' assets, and appointed a receiver on July 17, 2020. *See* ECF No. 18. The Court held oral arguments on August 11, 2020 on the pending application for

1

Preliminary Injunction. *See* ECF No. 40. On August 14, 2020, the Court deferred on ruling on issuing a preliminary injunction, and, instead, with the consent of Defendants, extended the TRO until September 14, 2020, with certain modifications. *See* ECF No. 42 at 3. In addition, the Court found proper the unfreezing of funds unrelated to the alleged scheme, derived from employment of a non-party family member, or directed deposits from employment unrelated to the alleged scheme. *Id.* at 4. The parties are currently working towards a stipulation to a preliminary injunction to unfreeze and release such personal assets with the consent of the Receiver and the FTC.

As discussed in a letter dated August 14, 2020, the FTC has consented to extend the time to answer the Complaint until September 3, 2020. *See* ECF No. 43. Pursuant to this agreement, Defendants file this Answer to the Complaint in a timely manner.

## RESPONSE TO PLAINTIFF'S FACTUAL ALLEGATIONS

1. Responding to Paragraph 1 of the Complaint, Defendants state that the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations and deny that any relief in any amount or nature whatsoever is warranted.

2. Responding to Paragraph 2 of the Complaint, Defendants state that the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in this paragraph.

3. Responding to Paragraph 3 of the Complaint, Defendants state that the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants admit that venue is proper in the District of South Carolina.

4. Responding to Paragraph 4 of the Complaint, Defendants state that the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in this paragraph.

5. Responding to Paragraph 5 of the Complaint, Defendants state that the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in this paragraph.

6. Responding to Paragraph 6 of the Complaint, Defendants admit that Absolute Financial is a South Carolina limited liability company with its principal place of business at 1646 Highway 160 West, Suite 8150, Fort Mill, South Carolina. Absolute Financial admits that it engaged in the collection or the attempted collection of debts from consumers in this District and throughout the United States.

7. Responding to Paragraph 7 of the Complaint, Defendants admit that Absolute Financial Recovery is a South Carolina limited liability company with its principal place of business at 1117 Highway 9 Bypass West, Lancaster, South Carolina. Absolute Financial Recovery admits it has engaged in the collection or the attempted collection of debts from consumers in this District and throughout the United States.

8. Responding to Paragraph 8 of the Complaint, Defendants admit that AFSR Global is a South Carolina limited liability company with its principal place of business at 1129 Lancaster Bypass West, Suite C, Lancaster, South Carolina. AFSR Global admits that it has engaged in the collection or the attempted collection of debts from consumers in this District and throughout the United States.

9. Responding to Paragraph 9 of the Complaint, Defendants admit that Ms. Elam was an owner, officer, director, or manager of Absolute Financial Recovery and AFSR Global.

Ms. Elam admits that she is an authorized signatory on certain bank accounts. Ms. Elam admits that she is a registrant for Defendants' telecommunications services. Ms. Elam admits that she has transacted business in this District and throughout the United States. As to all other allegations contained in Paragraph 9 of the Complaint, Ms. Elam denies such allegations.

10. Responding to Paragraph 10 of the Complaint, Defendants deny that Ms. Neely was an actual owner, officer, director, or manager of Absolute Financial. Ms. Neely denies that she is an authorized signatory on its bank accounts. Ms. Neely denies that she has formulated, directed, controlled, or had the authority to control the acts and practices of Absolute Financial. Ms. Neely admits that she participated in the acts and practices of Absolute Financial only insofar as she was a human resources ("HR") employee for Absolute Financial. In this HR role only, Ms. Neely admits that she transacted business in the District and throughout the United States. As to all other allegations contained in Paragraph 10 of the Complaint, Ms. Neely denies such allegations.

11. Responding to Paragraph 11 of the Complaint, Defendants Absolute Financial, Absolute Financial Recovery, and AFSR Global ("Corporate Defendants") deny that they have operated as a common enterprise while engaging in the unlawful acts and practices alleged in the Complaint. Corporate Defendants deny that they have conducted the business practices described in the Complaint through an interrelated network of companies that have common ownership, officers, managers, business functions, employees, and office locations, and that commingled funds. Corporate Defendants deny that each of them is jointly and severally liable for the acts and practices alleged in the Complaint. Ms. Elam and Ms. Neely deny that they have formulated, directed, controlled, had the authority to

control, or participated in the acts and practices of the Corporate Defendants that constitute the common enterprise.

12. Responding to Paragraph 12 of the Complaint, Defendants state that the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in this paragraph.

13. Responding to Paragraph 13 of the Complaint, Defendants deny that they engaged in a scheme to collect and process payments for debts that consumers do not actually owe or that Defendants do not have authority to collect. Defendants deny that there was any scheme predicated on convincing consumers that a lawsuit has been, or will soon be, filed against them and will result in dire consequences unless consumers pay Defendants promptly.

14. Responding to Paragraph 14 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of all allegations contained in Paragraph 14 of the Complaint, and therefore deny the same.

15. Responding to Paragraph 15 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of all allegations contained in Paragraph 15 of the Complaint, and therefore deny the same.

16. Responding to Paragraph 16 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of all allegations contained in Paragraph 16 of the Complaint, and therefore deny the same.

17. Responding to Paragraph 17 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of all allegations contained in Paragraph 17 of the Complaint, and therefore deny the same.

18. Responding to Paragraph 18 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of all allegations contained in Paragraph 18 of the Complaint, and therefore deny the same.

19. Responding to Paragraph 19 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of all allegations contained in Paragraph 19 of the Complaint, and therefore deny the same.

20. Responding to Paragraph 20 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of all allegations contained in Paragraph 20 of the Complaint, and therefore deny the same.

21. Responding to Paragraph 21 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of all allegations contained in Paragraph 21 of the Complaint, and therefore deny the same.

22. Responding to Paragraph 22 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of all allegations contained in Paragraph 22 of the Complaint, and therefore deny the same.

23. Responding to Paragraph 23 of the Complaint, Defendants admit that they are not a law firm. As to all other allegations contained in Paragraph 23 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of all allegations, and therefore deny the same.

24. Responding to Paragraph 24 of the Complaint, Defendants deny that consumers did not owe the debt. Defendants deny that they were not authorized to collect on the debt. As to all other allegations contained in Paragraph 24 of the Complaint, Defendants lack

knowledge or information sufficient to form a belief as to the truth of all allegations, and therefore deny the same.

25. Responding to Paragraph 25 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of all allegations contained in Paragraph 25 of the Complaint, and therefore deny the same.

26. Responding to Paragraph 26 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of all allegations contained in Paragraph 26 of the Complaint, and therefore deny the same.

27. Responding to Paragraph 27 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of all allegations contained in Paragraph 27 of the Complaint, and therefore deny the same.

28. Responding to Paragraph 28 of the Complaint, Defendants deny all allegations in this paragraph.

29. Responding to Paragraph 29 of the Complaint, Defendants deny all allegations in this paragraph.

## ALLEGED VIOLATIONS OF THE FTC ACT

30. Responding to Paragraph 30 of the Complaint, Defendants state that the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in this paragraph.

31. Responding to Paragraph 31 of the Complaint, Defendants state that the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in this paragraph.

## COUNT I

### False or Unsubstantiated Representations That Consumers Owe Debts

32. Responding to Paragraph 32 of the Complaint, Defendants deny all allegations in this paragraph.

33. Responding to Paragraph 33 of the Complaint, Defendants deny all allegations in this paragraph.

34. Responding to Paragraph 34 of the Complaint, Defendants deny all allegations in this paragraph.

## COUNT II

### False or Misleading Representations Regarding Legal Action

35. Responding to Paragraph 35 of the Complaint, Defendants admit that they are not a law firm. As to all other allegations contained in Paragraph 35 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of all allegations, and therefore deny the same.

36. Responding to Paragraph 36 of the Complaint, Defendants admit that they are not a law firm. As to all other allegations contained in Paragraph 36 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of all allegations, and therefore deny the same.

37. Responding to Paragraph 37 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of all allegations contained in Paragraph 37 of the Complaint, and therefore deny the same.

## ALLEGED VIOLATIONS OF THE FDCPA

38. Responding to Paragraph 38 of the Complaint, Defendants state that the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in this paragraph.

39. Responding to Paragraph 39 of the Complaint, Defendants state that the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in this paragraph.

40. Responding to Paragraph 40 of the Complaint, Defendants state that the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in this paragraph.

41. Responding to Paragraph 41 of the Complaint, Defendants state that the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in this paragraph.

42. Responding to Paragraph 42 of the Complaint, Defendants admit that Corporate Defendants were in the business of debt collecting. Ms. Elam admits that she was the actual owner of the Corporate Defendants. Ms. Neely denies that she was in the business of debt collecting. Ms. Neely admits that she was employed only to do HR work.

43. Responding to Paragraph 43 of the Complaint, Defendants admit that this appears to accurately summarize a portion of the contents of 15 U.S.C. § 1692d. The remaining allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations.

44. Responding to Paragraph 44 of the Complaint, Defendants admit that this appears to accurately summarize a portion of the contents of 15 U.S.C. § 1692e. The remaining

9

allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations.

45. Responding to Paragraph 45 of the Complaint, Defendants admit that this appears to accurately summarize a portion of the contents of 15 U.S.C. § 1692g. The remaining allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations.

46. Responding to Paragraph 46 of the Complaint, Defendants state that the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in this paragraph.

## COUNT III
### Abusive Collection Practices

47. Responding to Paragraph 47 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of all allegations contained in Paragraph 47 of the Complaint, and therefore deny the same.

## COUNT IV
### False or Misleading Representations

48. Responding to Paragraph 48 of the Complaint, Defendants deny all allegations in this paragraph.

## COUNT V
### Failure to Provide a Validation Notice

49. Responding to Paragraph 49 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of all allegations contained in Paragraph 49 of the Complaint, and therefore deny the same.

## ALLEGED CONSUMER INJURY

50. Responding to Paragraph 50 of the Complaint, Defendants deny all allegations in this paragraph.

## THIS COURT'S POWER TO GRANT RELIEF

51. Responding to Paragraph 51, Defendants state that the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in this paragraph.

52. Responding to Paragraph 52, Defendants state that the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in this paragraph.

## **GENERAL DENIAL**

Defendants deny all allegations contained in the Complaint that are not specifically admitted hereinabove, including, but not limited to, Plaintiff's demands and prayers for relief.

## **AFFIRMATIVE AND OTHER DEFENSES**

In further response to the Complaint, Defendants expressly incorporate by reference its responses to the allegations set forth in Paragraphs 1-52 of the Complaint as if set forth verbatim herein and further sets forth the affirmative defenses below. By pleading the following as affirmative defenses, Defendants do not concede that they bear the burden to establish the factual bases thereof and does not intend to shift the burden of proof under applicable law or otherwise to relieve Plaintiff of any burden to establish the elements of their prima facie case.

## **FIRST DEFENSE**

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND DEFENSE

2. Plaintiff's claims are barred, in whole or in part, because Defendants did not ratify or otherwise aid, abet, incite, or coerce unlawful conduct, if any.

## THIRD DEFENSE

3. Plaintiff's claims are barred, in whole or in part, because consumers have suffered no damages.

## FOURTH DEFENSE

4. Defendants are not legally responsible for acts or omissions allegedly undertaken by employees and others to the extent that those acts or omissions prove to have been undertaken outside the scope of employment or authority, as criminal acts, in secret, and/or without the knowledge of persons having legally sufficient levels of responsibility or authority.

## FIFTH DEFENSE

5. Plaintiff's claims are barred, or their recovery should otherwise be offset, by the after-acquired evidence doctrine, if applicable.

## SIXTH DEFENSE

6. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages are speculative, uncertain, and hypothetical.

## SEVENTH DEFENSE

7. To the extent Plaintiff's claims are barred by applicable limitations, laches, waiver, and/or estoppel, Defendants assert such defenses.

**EIGHTH DEFENSE**

8. Plaintiff's claims are barred due to Defendants good faith efforts to comply with all applicable laws and statutes.

**NINTH DEFENSE**

9. Plaintiff's claims are barred by Defendants' right to communicate commercial speech under the First Amendment.

**TENTH DEFENSE**

10. There is no danger of recurrence of alleged similar violations and the Plaintiff's requested relief is not reasonably related to the alleged violations.

**ELEVENTH DEFENSE**

11. The Complaint seeks overlapping and duplicative relief.

**RESERVATION OF FURTHER DEFENSES**

Defendants hereby give notice that they may rely upon other applicable affirmative defenses of which they become aware during discovery in this case and hereby reserve the right to amend this Answer to assert any such defenses.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants respectfully pray for judgment in their favor and that Plaintiff takes nothing from Defendants by virtue of the Complaint, that Plaintiff's claims be dismissed in total with prejudice, that Defendants be awarded the costs of suit herein, and that Defendants be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

s/ Mark C. Moore
Mark C. Moore (Fed. I.D. # 4956)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, SC 29202
Telephone: (803) 540-2146
Facsimile: (803) 727-1458
MMoore@nexsenpruet.com

*Attorneys for Defendants*

September 3, 2020
Columbia, South Carolina