# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Federal Trade Commission,                     ) | Civil Action No.: 0:20-cv-02596-JMC |
|                                               ) | |
|           Plaintiff,            ) | |
| v.                                            ) | |
|                                               ) | |
| Absolute Financial Services, LLC;             ) | **STIPULATED FINAL ORDER** |
| Absolute Financial Services Recovery, LLC;    ) | **FOR PERMANENT INJUNCTION** |
| AFSR Global Logistics, LLC; LaShone           ) | **AS TO DEFENDANT TALESIA NEELY** |
| Elam, a/k/a LaShone Caldwell, in her          ) | |
| individual and corporate capacity; and        ) | |
| Talesia Neely, in her individual and          ) | |
| corporate capacity,                           ) | |
|                                               ) | |
|           Defendants.           ) | |
| _____           ) | |

Plaintiff Federal Trade Commission ("FTC") filed this action against Defendants Absolute Financial Services, LLC, Absolute Financial Services Recovery, LLC, AFSR Global Logistics, LLC, LaShone Elam, and Talesia Neely (collectively "Defendants") seeking "to obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief" based on alleged violations of "Sections 13(b) and 19 of the Federal Trade Commission Act [(the "FTC Act")], 15 U.S.C. §§ 53(b) and 57b, and Section 814(a) of the Fair Debt Collection Practices Act [("FDCPA")], 15 U.S.C. § 1692l(a)." (ECF No. 2 at 1 ¶ 1.) On July 17, 2020, on motion by the FTC, the court entered an *ex parte* temporary restraining order ("TRO") with asset freeze and other equitable relief against Defendants. (*See* ECF No. 18.) On August 14, 2020, the court extended the TRO for thirty days. (ECF No. 42.) On October 2, 2020, the court entered a preliminary injunction. (ECF No. 54.)

This matter is now before the court pursuant to a Motion to Stipulate to Enter Permanent Injunction filed by the FTC, Defendant Talesia Neely, and the Receiver, by and through their

1

undersigned counsel, seeking entry of an Order for Permanent Injunction ("Order') to resolve all matters in dispute in this action between them. (ECF No. 65.)

## FINDINGS OF FACT

By stipulation of the parties, the court finds that:

A. The court has jurisdiction over this matter.

B. The Complaint charges that Defendant Neely participated in unlawful acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and multiple provisions of the FDCPA, 15 U.S.C. §§ 1692 –1692p, in connection with the collection and attempted collection of purported debts.

C. Defendant Neely neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant Neely admits the facts necessary to establish jurisdiction.

D. Defendant Neely waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order.

E. Defendant Neely waives any claim that she may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear her own costs and attorney fees.

F. This Order is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A. **"Consumer"** means any Person.

B. **"Corporate Defendants"** means Absolute Financial Services, LLC, Absolute Financial Services Recovery, LLC, and AFSR Global Logistics, LLC, and each of their

subsidiaries, affiliates, successors, and assigns.

C. **"Debt"** means any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.

D. **"Debt Collection Activities"** means any activity of a Debt Collector to collect or attempt to collect, directly or indirectly, a Debt owed or due, asserted to be owed or due.

E. **"Debt Collector"** means any Person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any Debts, or who regularly collects or attempts to collect, directly or indirectly, Debts owed or due or asserted to be owed or due another. The term also includes any creditor who, in the process of collecting its own Debts, uses any name other than its own which would indicate that a third Person is collecting or attempting to collect such Debts. The term also includes any Person to the extent such Person collects or attempts to collect any Debt that was in default at the time it was obtained by such Person.

F. **"Defendants"** means the Corporate Defendants and the Individual Defendants, individually, collectively, or in any combination.

G. **"Individual Defendants"** means LaShone Elam a/k/a LaShone Caldwell and Talesia Neely, individually, collectively, or in any combination.

H. **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

I. **"Receiver"** means the receiver appointed in Section XI of the Stipulated Preliminary Injunction entered by the Court on October 2, 2020 in this matter (ECF No. 54), and any deputy receivers that shall be named by the Receiver.

J.      "**Receivership Entities**" means Defendants Absolute Financial Services, LLC, Absolute Financial Services Recovery, LLC, and AFSR Global Logistics, LLC, as well as any other entity that has conducted any business related to Defendants' debt collection, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Corporate or Individual Defendant.

## ORDER

### I.   BAN ON DEBT COLLECTION AND DEBT BROKERING ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendant Neely, whether acting directly or through any other Person, is permanently restrained and enjoined from:

A.      Participating in Debt Collection Activities; and

B.      Advertising, marketing, promoting, offering for sale, selling, or buying any Consumer or commercial Debt or any information regarding a Consumer relating to a Debt.

### II.  PROHIBITION AGAINST MISREPRESENTATIONS

**IT IS FURTHER ORDERED** that Defendant Neely, her officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained, and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

A.      That any Person has a legal obligation to pay Defendants;

B.      That any Person is an attorney or affiliated or associated with an attorney or law firm;

C.      The nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a Consumer obtaining a full or partial refund, or the

4

circumstances in which a full or partial refund will be provided to the Consumer; and

   D. Any fact material to Consumers concerning any product or service, such as the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

### III. CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendant Neely, her officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained, and enjoined from:

   A. Failing to provide sufficient customer information to enable the FTC to administer consumer redress efficiently. If a representative of the FTC requests in writing any information related to redress, that Defendant Neely must provide it, in the form prescribed by the FTC, within 14 days;

   B. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order; and

   C. Failing to destroy such customer information in all forms in her possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the FTC.

   D. Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## IV.     COOPERATION

**IT IS FURTHER ORDERED** that the Defendant Neely must fully cooperate with representatives of the FTC in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Defendant Neely must provide truthful and complete information, evidence, and testimony. Defendant Neely must appear for interviews, discovery, hearings, trials, and any other proceedings that a representative of the FTC may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a representative of the FTC may designate, without the service of a subpoena. Nothing contained in this Section shall be deemed a waiver by Defendant Neely of any rights she may have pursuant to the Fifth Amendment to the Constitution of the United States.

## V.     ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendant Neely obtain acknowledgments of receipt of this Order:

A.     Defendant Neely, within 7 days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For 5 years after entry of this Order, Defendant Neely, for any business that she, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order, and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they

assume their responsibilities.

C. From each individual or entity to which Defendant Neely delivered a copy of this Order, she must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VI. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendant Neely make timely submissions to the FTC:

A. One year after entry of this Order, Defendant Neely must submit a compliance report, sworn under penalty of perjury:

1. Defendant Neely must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the FTC may use to communicate with her; (b) identify all of her businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which she must describe if she knows or should know due to her own involvement); (d) describe in detail whether and how she is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC.

2. Additionally, Defendant Neely must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which she performs services whether as an employee or otherwise and any entity in which she has any ownership interest; and (c) describe in detail her involvement in each such business, including

7

        title, role, responsibilities, participation, authority, control, and any ownership.

B.      For 20 years after entry of this Order, Defendant Neely must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

    1.      Defendant Neely must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that she has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

    2.      Additionally, Defendant Neely must report any change in: (a) name, including aliases or fictitious name, or residence address; (b) title or role in any business activity, including any business for which she performs services whether as an employee or otherwise and any entity in which she has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.      Defendant Neely must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against it within 14 days of its filing.

D.      Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: \_\_\_\_\_" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a representative of the FTC in writing, all submissions

to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580. The subject line must begin:  FTC v. Absolute Financial Services, X200047.

## VII.     RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendant Neely must create certain records for 20 years after entry of the Order, and retain each such record for 5 years.  Specifically, Defendant Neely for any business that she, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

   A.     accounting records showing the revenues from all products or services sold;

   B.     personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

   C.     records of all Consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

   D.     all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC; and

   E.     a copy of each unique advertisement or other marketing material.

## VIII.     COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendant Neely's compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

   A.     Within 14 days of receipt of a written request from a representative of the FTC,

Defendant Neely must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The FTC is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the FTC is authorized to communicate directly with Defendant Neely. Defendant Neely must permit representatives of the FTC to interview any employee or other person affiliated with Defendant Neely who has agreed to such an interview. The person interviewed may have counsel present.

C.     The FTC may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant Neely or any individual or entity affiliated with her, without the necessity of identification or prior notice. Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1.

D.     Upon written request from a representative of the FTC, any consumer reporting agency must furnish consumer reports concerning Defendant Neely, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

## IX.    ENTRY OF JUDGMENT

**IT IS FURTHER ORDERED** that there is no just reason for delay of entry of this judgment, and that, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk immediately shall enter this Order as a final judgment as to Talesia Neely.

## X.    RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this court shall retain jurisdiction of this matter for

all purposes.

**IT IS SO ORDERED.**

United States District Judge

March 17, 2021
Columbia, South Carolina

11