# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Federal Trade Commission, ) | Civil Action No.: 0:20-cv-02596-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Absolute Financial Services, LLC; ) | |
| Absolute Financial Services Recovery, LLC;) | **ORDER APPROVING FINAL FEE** |
| AFSR Global Logistics, LLC; LaShone ) | **APPLICATION AND DISCHARGING** |
| Elam, a/k/a LaShone Caldwell, in her ) | **RECEIVER** |
| individual and corporate capacity; and ) | |
| Talesia Neely, in her individual and ) | |
| corporate capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Federal Trade Commission ("FTC") commenced this civil action on July 13, 2020, against Defendants Absolute Financial Services, LLC; Absolute Financial Services Recovery, LLC; AFSR Global Logistics, LLC; Lashone Elam; and Talesia Neely (collectively "Defendants") seeking "to obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief" based on alleged violations of "Sections 13(b) and 19 of the Federal Trade Commission Act, 15 U.S.C. §§ 53(b) and 57b, and Section 814(a) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692l(a)." (ECF No. 2 at 1 ¶ 1.)

On July 17, 2020, the court granted the FTC's Ex Parte Motion for Temporary Restraining Order ("TRO") with an Asset Freeze, Appointment of Receiver, and Other Equitable Relief (ECF No. 4) against Defendants. (ECF No. 18.) More specifically, in the July 17, 2020 Order, the court set forth the duties of the Receiver and the goals for the receivership. (*See id.* at 19–24.) Four (4) days later, on July 21, 2020, the court named "Deborah B. Barbier of Deborah B. Barbier, LLC,

1

1811 Pickens Street, Columbia, South Carolina 29201, as the temporary receiver of the Receivership Entities in this matter." (ECF No. 23 at 2.) Barbier as Receiver (the "Receiver") was "vested with full and exclusive power, duty and authority to administer and manage the business affairs, funds, assets, choses in action and any other property of the Receivership Entities, marshal and safeguard all of the assets of the Receivership Entities, and take whatever actions are necessary for the protection of consumers." (*Id.*) On October 2, 2020, the court entered a Stipulated Preliminary Injunction as to Defendants. (ECF No. 54.) On March 17, 2021, the court entered Stipulated Permanent Injunctions as to Defendants resolving all matters in dispute between them, the FTC, and the Receiver. (ECF Nos. 67, 68.)

This matter is before the court pursuant to the Receiver's Notice of Final Report and unopposed Motion for Order Approving Final Fee Application and Discharging Receiver. (ECF No. 71.) The FTC concurs in the Application asserting that "the services the Receiver rendered during the course of the receivership were necessary, appropriate, and brought value to the Receivership Estate." (ECF No. 72 at 1.) For the reasons set forth below, the court **APPROVES** the Final Report, **APPROVES** the Final Fee Application, and **GRANTS** the Receiver's Application for Discharge.

## I.     LEGAL STANDARD

"[A] district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad." *SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986). A "Receiver is an officer of the court." *SEC v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992) (citation omitted). "[I]f a receiver reasonably and diligently discharges his duties, he is entitled to compensation." *Id.* (citation omitted). *See also SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008) ("A receiver appointed by a court who

reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred." (citations omitted)). "The amount of the compensation is to be determined by the court in the exercise of its reasonable discretion."[1] *Byers*, 590 F. Supp. 2d at 644. "As a general rule, the expenses and fees of a receivership are a charge upon the property administered." *Gaskill v. Gordon*, 27 F.3d 248, 251 (7th Cir. 1994) (citing *Atl. Tr. Co. v. Chapman*, 208 U.S. 360, 375–76 (1908)).

"These expenses include the fees and expenses incurred by a receiver and professionals retained by a receiver to assist in the performance of the receiver's duties." *SEC v. Nationwide Automated Sys., Inc.*, Case No. CV 14-07249 SJO (FFMx), 2018 WL 1918622, at *2 (C.D. Cal. Feb. 12, 2018) (citing *Elliott*, 953 F.2d at 1577). "Receivers and the professionals who assist them should be 'reasonably, but not excessively compensated for their efforts to benefit the receivership estate.'" *FTC v. Am. Fin. Benefits Ctr.*, Case No. 18-cv-00806-SBA (JSC), 2021 WL 2435297, at *2 (N.D. Cal. June 15, 2021) (citation omitted). "The Receiver and any professionals assisting the Receiver should charge a reduced rate to reflect the public interest involved in preserving funds held in the receivership estate." *Id.* (citation omitted). "In determining whether to permit fees, a court should consider 'the time, labor and skill required, but not necessarily [ ] actually expended, in the proper performance of the duties imposed by the court upon the receivers, the fair value of such time, labor and skill measured by conservative business standards, the degree of activity,

---

[1] The issue of fees in this matter is not contested. To determine the reasonableness of fees in a contested fee setting, trial courts in this circuit apply the lodestar method. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). In determining an appropriate lodestar, courts multiply the number of hours worked by a reasonable hourly rate, then use a multiplier to adjust the lodestar figure. *Berry v. Schulman*, 807 F.3d 600, 617 n.9 (4th Cir. 2015). However, "[e]ven where no party to a proceeding objects, the Court nonetheless is obliged to assess the reasonableness of these charges." *Sam Wang Produce, Inc. v. MS Grand, Inc.*, Civil No. PJM 10-2286, 2014 WL 2964077, at *2 (D. Md. June 27, 2014).

integrity and dispatch with which the work is conducted and the result obtained.'" *Nationwide Automated Sys.*, 2018 WL 1918622, at *2 (quoting *U.S. v. Code Prods. Corp.*, 362 F.2d 669, 673 (3d Cir. 1966)).

## II.     ANALYSIS

A.     <u>The Notice of Final Report</u>

In her Final Report, the Receiver summarized the actions undertaken by her and her deputies to accomplish the duties set forth by the court in its July 17, 2020 Order. (*See* ECF No. 71 at 3–6 (referencing ECF No. 18 at 19–24).) "The Receiver's efforts were largely limited to protecting consumer interests and asset preservation and recovery." (*Id.* at 3.) As specified by the FTC, the Receiver was able to, inter alia, secure Defendants' business premises during the COVID-19 pandemic, evaluate and repay unused loan disbursements from the Small Business Administration's Paycheck Protection Program. (ECF No. 72 at 1–2.)

As a result of these actions and efforts, the Receiver observes that she "located, collected, and recovered a total of $284,796.90 in assets during the course of the receivership" and "made distributions totaling $8,628.50." (ECF No. 71-1 at 2.) Moreover, "there [a]re net funds remaining in the receivership estate of $276,168.65." (*Id.*) The Receiver provided the following document summarizing these amounts:

```
                     Absolute Financial Receivership
                     Receipts and Disbursements Summary
                           through January 10, 2022

Receipts                                                              $284,769.80
     Frozen Funds Transferred
     Receivership Account Interest                                         $27.10

Total Receipts                                                        $284,796.90

Disbursements

     Operating Expenses                                                         0

     Professional Fees                                                 $27,823.30
        Legal Fees to Defense Counsel              $5,000.00
        Legal Fees & Expenses to Receivers Counsel $3,628.25
        Receiver's Fees & Expenses (to be approved) $19,195.05
                                                                       $27,823.30
Total Disbursements
Net Cash at 1/10/2022                                                  $256,973.60
```

(ECF No. 71-3 at 2.)

B.     Final Fee Application

The Receiver seeks the following compensation for services rendered from July 23, 2020, through January 10, 2022[2]: "$19,195.05 in fees and expenses to the Receiver and her staff." (ECF No. 71 at 8.) In support of her request, the Receiver submitted a Declaration, a summary of receipts and disbursements, and invoices. (ECF Nos. 71-2, 71-3, 71-5.) The Receiver acknowledged charging a discounted hourly rate of $350.00 for her services (normally $650.00 per hour) and $250.00 for her associate's services (normally $375.00 per hour). (ECF No. 71-2 at 3 ¶ 6.)

C.     Application for Discharge

The Receiver applies for discharge on the basis that "the work of the receivership is now complete" as to all Defendants in accordance with the duties of the Receiver set forth in the court's July 17, 2020 Order. (ECF No. 71-1 at 2 (referencing ECF No. 18).) As further support for discharge, the Receiver asserts that after her invoices are paid, she will, upon court approval, disburse to the FTC the remaining funds in her possession in the amount of $256,973.60. (ECF No. 71-2 at 3 ¶ 10 (referencing ECF No. 71-3 at 2).) "[T]he FTC hopes to return [the] approximately $250,000 to consumers who were subjected to Defendants' unlawful debt collection scheme." (ECF No. 72 at 1.)

D.     The Court's Review

The Receiver seeks authorization to withdraw $19,195.05 in fees and expenses from the remaining receivership funds of $276,168.65. The court reviewed the Receiver's itemized invoices which provided the following data:

---

[2] The Receiver noted that her counsel Gaffney Lewis LLP has already been paid in the amount of $3,628.25. (ECF No. 71 at 6 (referencing ECF No. 71-4).)

| Timekeeper | Hours Billed | Rate Per Hour | Total Cost |
|---|---|---|---|
| The Receiver | 37.4 | $350.00 | $13,090.00 |
| The Receiver's Associate | 19.3 | $250.00 | $4,825.00 |
| The Receiver's Paralegal | 1.2 | $100.00 | $120.00 |

(*See* ECF No. 71-5.) Upon consideration of the aforementioned information, the court is persuaded that the Receiver and her staff performed necessary work and avoided duplicative and unnecessary work. Therefore, the court finds that the Receiver's request for attorney's fees and expenses is reasonable, and not excessive. Accordingly, the court approves the Receiver's request for attorney's fees and expenses in the amount of $19,195.05.

As to the Receiver's request for discharge, the court is satisfied that the Receiver has completed the duties contemplated in the July 17, 2020 Order and that discharge is appropriate.

### III. CONCLUSION

In accordance with the foregoing, the court orders as follows:

1. The Receiver's Final Report is **APPROVED**.

2. The Receiver's Final Fee Application is **APPROVED**. The Receiver is authorized to pay herself $19,195.05 in fees and expenses from the remaining receivership fund of $276,168.65.

3. Within fourteen (14) days of the entry of this Order, or by April 28, 2022, the Receiver shall transfer all remaining funds, less the fees and expenses approved in the Final Fee Application, in the amount of $256,973.60 to the FTC.

4. For ninety (90) days from the date of this Order, or until July 13, 2022, the Receiver shall retain any business records, including electronic media, and computer hard drives of Defendants now in her possession and shall thereafter destroy those records.

5. All assets not distributed or otherwise administered by the Receiver as of the

closing of the receivership estate are deemed abandoned. Abandoned assets may be destroyed or discarded, without regard to title or value, in the sole and absolute discretion of the Receiver.

6. The acts, transactions, and actions of Deborah B. Barbier as Receiver are confirmed and approved as being in the best interests of the receivership estate.

7. The court **GRANTS** Deborah B. Barbier's Application for Discharge as Receiver. Deborah B. Barbier is released and exonerated from all further duties, liabilities, and responsibilities as Receiver. Ms. Barbier and the professionals retained by her as Receiver shall have no personal liability of any nature for any act, omission, or matter pertaining to the receivership.

8. This court shall retain jurisdiction over any and all matters relating to the Receiver, the receivership, and the receivership estate, including any matters relating to the distribution of funds received by the Receiver in connection with his obligations as Receiver or otherwise received after the receivership is closed. To the extent any dispute arises concerning the Receiver's administration of the receivership estate or to the extent any person or entity seeks to pursue or assert any claim or action against the Receiver or any agent, employee, member, officer, independent contractor, attorney, or representative of the Receiver, arising out of or related to this receivership, the court shall retain jurisdiction to hear and resolve any such dispute or claim.

9. The bond posted by the Receiver in this case in the amount of $10,000.00 shall be exonerated, effective upon the distribution of the remaining funds in the Receiver's possession and custody to the FTC.

10. The court **COMMENDS** the Receiver for the services provided to the court, the parties, and interested third parties in this case.

11. The receivership is terminated, upon conclusion of the final distributions described

7

herein.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 14, 2022
Columbia, South Carolina